## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| MARÍA T. GARCÍA-CABEZA and JULIO LEBRÓN-DE JESÚS, both personally and on behalf of their special needs son, ELG, <br><br> Plaintiffs, <br><br> v. <br><br> DEPARTMENT OF EDUCATION OF PUERTO RICO, and the COMMONWEALTH OF PUERTO RICO, <br><br> Defendants. | CIVIL NO. 17-1181 <br><br><br> CIVIL RIGHTS, SPECIAL EDUCATION, JUDICIAL REVIEW, DECLARATORY JUDGMENT, ATTORNEY'S FEES & COSTS |

## <u>VERIFIED COMPLAINT</u>

**TO THE HONORABLE COURT:**

**NOW COME** plaintiffs**,** through their undersigned attorney, and very respectfully state, allege and pray as follow:

### INTRODUCTION

1.      This is a civil action brought by Mrs. María T. García-Cabeza and Julio Lebrón-De Jesús, both personally and on behalf of their special needs minor son, ELG, for the judicial review of the Resolution issued by administrative law judge ("ALJ") María de Lourdes Ramírez-Montalvo on December 6, 2016 in special education due process complaint number 2016-073-004 against the Department of Education of Puerto Rico ("DOE") pursuant to the Individuals with Disabilities Education Improvement Act ("IDEA"), 20 U.S.C. §§ 1400 *et seq*.

2.      This action arises under the IDEA which provides jurisdiction to a federal district court for *de novo* judicial review of an administrative official's decision, and to award any additional remedies that are deemed just and proper on claims for educational and related services under the federal statute. <u>See</u> 20 U.S.C. §§ 1403 and 1415(i)(2)-(3). <u>See also</u> 34 C.F.R. §§ 300.516-

Verified Complaint
Case No. 17-1181

.517.

## JURISDICTION AND VENUE

3.      Jurisdiction is conferred on this Court by 20 U.S.C. §§ 1403, 1415 (i)(2)(A) and (i)(3)(A), 28 U.S.C. §§ 1331, 1343 (a)(4), 2201 and 1441. See also 34 C.F.R. §§ 300.516-517 (2010).

4.      Venue is proper in this District Court pursuant to 28 U.S.C. § 1391, since the events giving rise to this claim occurred in this district, and all parties are residents of the Commonwealth of Puerto Rico.

5.      Supplementary claims are raised under local Law number 51 of June 7, 1996 ("Law 51"), known as the Law of Integral Educational Services for Individuals with Disabilities, 18 Laws of P.R. Ann. §§ 1351-1359, Law number 238 of August 31, 2004 ("Law 238"), known as the Bill of Rights for Individuals with Disabilities, 1 Laws of P.R. Ann. § 512, and Article II, Section 5 of the Constitution of the Commonwealth of Puerto Rico.

## PARTIES

6.      Co-plaintiffs Mrs. María T. García-Cabeza and Mr. Julio Lebrón-De Jesús are married to each other and are the parents and guardians of minor ELG.

7.      They both reside with their children in the Municipality of Vega Baja in the Commonwealth of Puerto Rico, with physical and postal address at 402 Camino Real, Vega Baja, P.R. 00693.

8.      Co-plaintiff ELG is a fourteen (14) year old male born on March 6, 2002 who is diagnosed with autism and attention deficit hyperactivity disorder (ADHD).

Verified Complaint
Case No. 17-1181

9.      ELG is duly registered in the Special Education Program administered by the Department of Education of Puerto Rico as a child with disabilities with registration number 073-058-12.

10.     ELG is currently enrolled in ninth grade at the "Academia Edén Montessori" private school in the Municipality of Vega Baja.

11.     As an individual with a disability, ELG is qualified by federal and state law to be provided by the DOE as the state educational agency with a free appropriate public education that complies with the minimum procedural and substantive requirements set forth in IDEA.

12.     Because of his disabilities, ELG requires special education and related services in order to receive a free appropriate public education ("FAPE"), as required by IDEA's section 1412(a)(1). See 20 U.S.C. § 1412(a)(1). See also 20 U.S.C. § 1401(9) (IDEA's definition of FAPE).

13.     Defendants have denied and continue to deny ELG with his right to a FAPE insofar as they have failed to provide him with the minimum educational and related services required by the IDEA and local law 51 of 1996, and its applicable regulations.

14.     Plaintiffs request that the ALJ's resolution be reversed as contrary to the applicable IDEA provisions, as interpreted by the United States Supreme Court and other federal courts, and to local laws 51 of 1996 and 238 of 2004.

15.     In the event that plaintiffs emerge as prevailing parties in the captioned case, an attorney's fees and costs award is requested pursuant to IDEA's section 1415(i)(3)(B), 20 U.S.C. § 1415(i)(3)(B).

3

Verified Complaint
Case No. 17-1181

16.     The Commonwealth of Puerto Rico is included as co-defendant due to the DOE's

lack of capacity to sue and be sued. The Commonwealth of Puerto Rico physical address is that of

its Department of Justice, located in Olimpo Street, Axtmayer Corner, Stop 11, San Juan, Puerto

Rico, and its postal address is P.O. Box 9020192, San Juan, Puerto Rico 00902-0192.

17.     The Department of Education of Puerto Rico is the agency of the Commonwealth

of Puerto Rico responsible for providing and administering the public education system in the

Commonwealth of Puerto Rico.

18.     As a recipient of federal funding, the DOE is the "State Educational Agency"

responsible under the IDEA for providing a free appropriate public education suited to the

particular needs of minor ELG, a student with disabilities. See 20 U.S.C. §§ 1401(31) (IDEA

defines the term "State" as encompassing "each of the 50 States, the District of Columbia, the

Commonwealth of Puerto Rico, and each of the outlying areas."), 1401(32) (IDEA's definition of

"State Educational Agency"). See also Declet-Ríos v. Dept. of Education, 177 D.P.R. 765 (P.R.

Sup. Ct.   2009) (P.R. Supreme Court opinion were the DOE's constitutional and statutory

obligation to provide a free appropriate public education to special needs children up to their 22nd

birthday was the subject of discussion).

19.     The physical address of the DOE is Urbanización Industrial Tres Monjitas, Avenida

Teniente César González, Esquina Calaf, Hato Rey, Puerto Rico, 00919, and the postal address is

P.O. Box 190759, San Juan, Puerto Rico 00919-0759.

## FACTUAL BACKGROUND

20.     Co-plaintiff ELG has been uninterruptedly registered in the DOE's Special

4

Verified Complaint
Case No. 17-1181

Education Program since he was 3 years old back in the year 2005.

21.    ELG was not provided with an Individualized Education Program ("IEP") for the 2013-2014 school year.

22.    The DOE did not convene an IEP team meeting for drafting ELG's 2013-2014 IEP prior to the commencement of the 2013-2014 school year.

23.    For the 2013-2014 school year, ELG completed 6th grade level with "A" grade average in the "Academia Edén Montessori" private educational institution.

24.    ELG was not provided with an IEP for the 2014-2015 school year.

25.    The DOE did not convene an IEP team meeting for drafting ELG's 2014-2015 IEP prior to the commencement of the 2014-2015 school year.

26.    For the 2014-2015 school year, ELG completed 7th grade level with "A" grade average in the "Academia Edén Montessori" private educational institution.

27.    The DOE's 2015-2016 school year commenced on August 10, 2015.

28.     ELG commenced his 8th grade in the "Academia Edén Montessori" private educational institution on August 13, 2015.

29.     The DOE did not convene an IEP team meeting for drafting ELG's 2015-2016 IEP prior to the commencement of the 2015-2016 school year.

30.    The 2015-2016 school year commenced without ELG having been provided an IEP by the DOE.

31.    On March 15, 2016, while ELG was midway thru the second semester of the 2015-2016 school year, the DOE provided him with a document titled "Unilateral IEP."

Verified Complaint
Case No. 17-1181

32.     The "Unilateral IEP" that the DOE provided ELG on March 15, 2016 for the 2015-2016 school year does not include an educational services program.

33.     The "Unilateral IEP" that the DOE provided to ELG on March 15, 2016 was not notified to ELG's parents following the "prior written notice" requirements set forth in IDEA's sections 1415(b)(3) and (c)(1), 20 U.S.C. §§ 1415(b)(3), (c)(1).

34.     The "Unilateral IEP" that the DOE provided ELG on March 15, 2016 for the 2015-2016 school year does not meet the minimum content requirements set forth in IDEA's section 1414(d)(1)(A), 20 U.S.C. § 1414(d)(1)(A).

35.     The "Unilateral IEP" that the DOE provided ELG on March 15, 2016 for the 2015-2016 school year was not prepared or signed by an IEP team with the minimum participants required by IDEA's section 1414(d)(1)(B), 20 U.S.C. § 1414(d)(1)(B).

36.     Prior to providing ELG with an "Unilateral IEP" on March 15, 2016, the DOE did not provide him with an IEP for the 2015-2016 school year that met the minimum content requirements set forth in IDEA's section 1414(d)(1)(A), 20 U.S.C. § 1414(d)(1)(A).

37.     The DOE did not convene an IEP team meeting for drafting ELG's 2016-2017 IEP prior to the commencement of the 2016-2017 school year.

38.     The DOE's 2016-2017 school year commenced on August 4, 2016.

39.     ELG commenced his 9th grade in the "Academia Edén Montessori" private educational institution on August 11, 2016.

40.     On August 17, 2016, the DOE submitted to ELG a proposed 2016-2017 IEP.

41.     The 2016-2017 IEP that the DOE proposed to ELG on August 17, 2016 was not

Verified Complaint
Case No. 17-1181

developed by an IEP team with the minimum participants required by IDEA's section 1414(d)(1)(B), 20 U.S.C. § 1414(d)(1)(B).

42.     The 2016-2017 IEP that the DOE proposed to ELG on August 17, 2016 was not notified to ELG's parents following the "prior written notice" requirements set forth in IDEA's sections 1415(b)(3) and (c)(1), 20 U.S.C. §§ 1415(b)(3), (c)(1).

43.     ELG's special education and/or regular classroom teachers did not participate nor were consulted by the DOE for drafting the educational services program included in the 2016-2017 IEP proposed to him.

44.     The 2016-2017 school year commenced without ELG being provided an IEP by the DOE.

45.     ELG recently concluded the first semester of 9th grade level in the "Academia Edén Montessori" private educational institution with "A" grade average.

46.     ELG is currently in the second semester of 9th grade level in the "Academia Edén Montessori" private educational institution.

47.     Up to the date of signing of this Verified Complaint, the DOE has still not convened an IEP team for purposes of drafting ELG's 2016-2017 IEP with the minimum participants required by IDEA's section 1414(d)(1)(B), 20 U.S.C. § 1414(d)(1)(B).

48.     Up to the date of signing of this Verified Complaint, the DOE has still not provided ELG's parents with "prior written notice" as required in IDEA's sections 1415(b)(3) and (c)(1), 20 U.S.C. §§ 1415(b)(3), (c)(1), for holding a duly constituted IEP team meeting for drafting ELG's 2016-2017 IEP.

Verified Complaint
Case No. 17-1181

49.     Up to the date of signing of this Verified Complaint, the DOE has still not submitted a proposed IEP for the 2016-2017 school year that meets the minimum procedural and content requirements set forth in IDEA's sections 1414(d) and 1415(b) and (c), 20 U.S.C. §§ 1414(d), 1415(b), (c).

### DUE PROCESS COMPLAINT'S PROCEDURAL HISTORY

50.     ELG filed a due process complaint with and against the DOE on February 23, 2016.

51.     The case was identified by the DOE as administrative case number 2016-073-004.

52.     The DOE assigned ELG's due process complaint to ALJ María de Lourdes Ramírez-Montalvo for the scheduling of an impartial due process hearing and eventual resolution pursuant to the provisions of IDEA's section 1415.

53.     Following the engagement of the undersigned counsel, and with prior leave from the ALJ, plaintiffs filed an amended due process complaint on May 11, 2016.

54.     ELG enclosed five separate and independent causes of action against the DOE in his amended due process complaint.

55.     The amended due process complaint's first cause of action was for a "stay put" order pursuant to IDEA's section 1415(j), 20 U.S.C. § 1415(j), directing the DOE to reimburse plaintiffs with the total costs of ELG's education in the "Academia Edén Montessori" private school during the 2015-2016 and 2016-2017 school years.

56.     The amended due process complaint's second cause of action was for a "stay put" order pursuant to IDEA's section 1415(j), 20 U.S.C. § 1415(j), directing the DOE to reimburse plaintiffs with the costs spent in paying the salary of ELG's student aide (a/k/a "T-1 assistant"),

Verified Complaint
Case No. 17-1181

Mrs. Giselle Rabell, from October of 2015 until May of 2016.

57.     The amended due process complaint's third cause of action was for an order directing the DOE to reimburse plaintiffs with the total costs of ELG's education in the "Academia Edén Montessori" private school during for the 2014-2015 school year and for the months of March thru May of the 2013-2014 school year.

58.     The amended due process complaint's fourth cause of action was for an order directing the DOE to perform a multidisciplinary evaluation process to ELG in all areas of suspected disability, including but not limited to evaluations in (a) assistive technology, (b) speech and language, and (c) occupational therapy.

59.     The amended due process complaint's fifth cause of action was for an order directing the DOE to allow plaintiffs with access to the original version of EGL's educational file and to provide them with a certified digital copy of the entire file contents.

60.     A total of four (4) hearing sessions were held before ALJ Ramírez-Montalvo on April 12, 2016, August 19, 2016, October 7, 2016 and November 17, 2016.

61.     ALJ Ramírez-Montalvo issued a final resolution on December 6, 2016, and notified it to the parties via an e-mail communication sent on December 7, 2016.

62.     In her resolution, the ALJ ruled against minor student ELG on all causes of action, and declined to provide him with any of the five individual remedies sought in the amended due process complaint.

63.     In her December 6, 2016 resolution, ALJ Ramírez-Montalvo (1) imposed on plaintiffs' a beyond reasonable doubt burden of proof similar to that of criminal cases and

9

Verified Complaint
Case No. 17-1181

unbeknownst to special education civil litigation, (2) ignored the mandatory legal standard or

analysis set forth by the U.S. Supreme Court in <u>Bd. of Educ. v. Rowley</u>, 458 U.S. 176 (1982), (3)

ignored the binding precedent set forth by the U.S. Supreme Court in <u>Florence County School

Dist. Four v. Carter</u>, 510 U.S. 7 (1993), regarding the adequacy standard for the private educational

institution chosen by the ELG's parents, (4) ignored the binding precedent set forth by the U.S.

Supreme Court in <u>Forest Grove v. T.A.</u>, 557 U.S. 230 (2009) regarding the threshold requirement

for the state educational agency to have made available an IDEA compliant IEP in a timely basis

for each school year within the relevant period in order to deem the student's private school

placement as "unilateral", (5) ignored the binding precedent set forth by the U.S. Circuit Court of

Appeals for the First Circuit on <u>D.B. v. Esposito</u>, 675 F.3d 26, 34 (1st Cir. 2012) regarding that "to

comply with the IDEA, an IEP must be reasonably calculated to confer meaningful educational

benefit," (6) failed to rule on ELG's request for a multidisciplinary evaluative process pursuant to

IDEA's section 1414(b), 20 U.S.C. § 1414(b), (7) failed to issue clear and specific <u>factual</u>

determinations that meet the "substantive grounds" minimum content requirements for a hearing

officer's decision under IDEA's section 1415(f)(3)(E)(i), 20 U.S.C. § 1415(f)(3)(E)(i), (8) failed

to issue well-grounded legal conclusions that meet the "substantive grounds" minimum content

requirements for a hearing officer's decision under IDEA's section 1415(f)(3)(E)(i), 20 U.S.C. §

1415(f)(3)(E)(i), (9) completely ignored the DOE's multiple severe violations of the IDEA and the

resulting deprivation of ELG's right to a FAPE as required by IDEA's section 1415(f)(3)(E)(ii),

20 U.S.C. § 1415(f)(3)(E)(ii), (10) failed to determine whether the "unilateral IEP" created by the

DOE and provided to minor ELG meets the minimum procedural and substantive requirements set

Verified Complaint
Case No. 17-1181

forth in IDEA's section 1414(d), 20 U.S.C. § 1414(d), (11) demonstrated a total lack of knowledge

of even the most elemental principles of Special Education Law, as required by IDEA's sections

1415(f)(3)(A)(ii)-(iv), (12) throughout the whole proceedings also failed to act and rule with

complete impartiality, as required by IDEA's section 1415(f)(3)(A)(i)(II), and utterly failed to

abide the local statutory mandate provided by Act 238 of August 31, 2004 which expressly requires

the hearing officer to interpret all legal controversies in the most beneficial form in favor of ELG

as a special needs individual, 1 Laws of P.R. Ann. § 512k, among other serious deviations from

the IDEA, local law 51 of 1996 and its relevant regulations.

## FIRST CAUSE OF ACTION AND ISSUE FOR JUDICIAL REVIEW AND REQUEST FOR DECLARATORY JUDGMENT

64.     Plaintiffs re-allege and incorporate paragraphs 1 thru 63 of this Verified Complaint.

65.     In her December 6, 2016 resolution, ALJ Ramírez-Montalvo erred as a matter of

law by failing to apply the Rowley legal standard for determining whether a FAPE had been made

available to ELG for each of the school years relevant to the due process complaint.  Based on the

two-year IDEA statute of limitations period calculated from the original due process complaint's

February 23, 2016 filing date, the relevant period that the ALJ should have evaluated corresponded

to the 2013-2014 (commencing on March of 2014), 2014-2015, 2015-2016, and 2016-2017 school

years.

66.     The ALJ's decision to abstain from performing her duty to thoroughly evaluate the

adequacy of the IEPs for each school year within the relevant time period is an impermissible

deviation from IDEA and its relevant jurisprudence which caused actual prejudice to plaintiffs

inasmuch as such faulty legal analysis motivated the ALJ's denial of ELG's claims for

11

Verified Complaint
Case No. 17-1181

reimbursements, private school placement and related services. See 20 U.S.C. § 1415(f)(3)(E)(ii).

See also 34 C.F.R. § 300.513(a)(2).

67.     IDEA expressly provides plaintiffs with the right to file the due process complaint

in order to have a duly knowledgeable and able impartial hearing officer evaluate whether the

student was afforded a FAPE by the state educational agency. See 20 U.S.C. § 1415(b)(6)(A),

(f)(3)(A), (f)(3)(E)(i).

68.     Since the Rowley Supreme Court decision, the governing rule of law in IDEA

special education litigation is that the court and/or hearing officer will implement the following

two prong analysis for determining whether the state educational agency provided the student with

a FAPE. See Bd. of Educ. v. Rowley, 458 U.S. 176, 207 (1982). First, it shall ask whether the

agency complied with IDEA's procedural requirements. Id. Second, it will verify whether the IEP

developed by those procedures is substantively adequate such that is "reasonably calculated to

enable the child to receive educational benefits." Id.

69.     In this First Circuit the minimum "educational benefit" threshold is even higher

than in other circuits since the Esposito Court found that "to comply with the IDEA, an IEP must

be reasonably calculated to confer meaningful educational benefit." See D.B. v. Esposito, 675 F.3d

26, 34 (1st Cir. 2012).

70.     The ALJ's failure to follow the two prong analysis set by the Supreme Court in

Rowley has caused prejudice to plaintiffs by depriving them of their right to obtain the

reimbursements and private school placement as set forth in Forest Grove v. T.A., 557 U.S. 230

(2009), and demonstrates the need to have this Honorable Court issue a declaratory judgment

12

Verified Complaint
Case No. 17-1181

clarifying that such analysis <u>must</u> be performed in any case were the student and/or his parents

challenge the DOE's provision of a FAPE for any number of school years within the two year

statute of limitations period.

71.     ALJ Ramírez-Montalvo is not the only hearing officer from the DOE's

administrative due process forum routinely adjudicating cases without performing the threshold

analysis of the agency's procedural compliance and resulting IEP sufficiency.  This shortcoming

is a system wide violation performed on a daily basis by most, if not all, of the administrative law

judges engaged by the DOE for adjudicating IDEA due process complaints.

72.     Plaintiffs respectfully request that this Honorable Court issue a declaratory

judgment holding that ALJ Ramírez-Montalvo and every other administrative law judge engaged

by the DOE for adjudicating IDEA due process complaints must commence his or her analysis on

evaluating the agency's procedural compliance and adequacy of the student's IEP.

73.     Abstaining from evaluating the IEP's adequacy in a due process complaint

challenging the DOE's provision of a FAPE to a special needs student protected by the IDEA is a

serious violation of the federal statute which allows the hearing officer to issue a final resolution

without providing complete relief to the aggrieved party, and such conduct should therefore be

halted without further delay.

74.     Until such time as plaintiffs are able to have this Honorable Court issue a

declaratory judgment holding that the DOE's impartial due process hearing officers must perform

the <u>Rowley</u> two prong analysis in each case where the right to a FAPE is challenged, ELG will

continue to be left without a complete and enforceable "decision made by a hearing officer shall

13

Verified Complaint
Case No. 17-1181

be made on substantive grounds based on a determination of whether the child received a free appropriate public education" as IDEA's section 1415(f)(3)(E)(i) expressly requires. See 20 U.S.C. § 1415(f)(3)(E)(i).

75.     The fact that ELG is currently registered and receiving services, albeit deficiently, from defendants demonstrates that a real and justiciable issue exists with respect to whether the DOE's impartial due process hearing forum created pursuant to IDEA's procedural safeguards is capable of providing complete relief to a special needs child if its hearing officers are incapable or unwilling to perform the legal analysis required by the federal statute and its relevant jurisprudence.

76.     A *bona fide*, actual and present dispute exists calling for this Court's declaratory judgment which will not only will clarify the ALJ's erroneous legal analysis which resulted in depriving ELG of his right to obtain relief at the administrative due process level, but will also serve to avoid the repetition of this system wide violation of ELG's procedural safeguards under the IDEA and its relevant jurisprudence.

## SECOND CAUSE OF ACTION AND ISSUE FOR JUDICIAL REVIEW

77.     Plaintiffs re-allege and incorporate paragraphs 1 thru 76 of this Verified Complaint.

78.     In her December 6, 2016 resolution, ALJ Ramírez-Montalvo imposed on plaintiffs' a beyond reasonable doubt burden of proof similar to that of criminal cases and unbeknownst to special education civil litigation.

79.     IDEA's plain text provides for a "preponderance of the evidence" standard of proof in its section 1415(i)(2)(C)(iii), 20 U.S.C. § 1415(i)(2)(C)(iii).

Verified Complaint
Case No. 17-1181

80.    The standard of proof applicable in Puerto Rico to civil cases at the administrative and judicial levels is that of the "preponderance of the evidence," whereas the stricter "unreasonable doubt" quantum of proof is reserved for criminal cases. See, e.g., Pagán-Hernández v. U.P.R., 107 D.P.R. 720, 749 (1978).

81.    Insofar as ALJ Ramírez-Montalvo erred by applying the "unreasonable doubt" quantum of proof to plaintiffs' IDEA due process proceeding, the ALJ's December 6, 2016 resolution should be reversed in its entirety, and the case should be adjudicated by this district court based on the records of administrative case number 2016-073-004 and any additional evidence deemed relevant and/or sought by the parties, granting the relief sought in the amended due process complaint and any additional relief that the court deems appropriate based on the preponderance of evidence provided by IDEA's section 1415(i)(2)(C).

82.    Upon reversing the ALJ's resolution, it is respectfully requested that pursuant to IDEA's section 1415(i)(2)(C)(iii) the court order defendants to reimburse plaintiffs with the total tuition and text book costs incurred on ELG's favor in the "Academia Edén Montessori" private school from March of 2014 until the date that this litigation is concluded, and for the reimbursement of the costs incurred by plaintiffs in paying for ELG's teaching assistant (a/k/a "T-1 assistant") from September 2, 2015 until the conclusion of the 2015-2016 school year in mid-May of 2016, and ordering defendants to perform a multidisciplinary evaluation process were ELG is evaluated in assistive technology and any other area of suspected disability.

**THIRD CAUSE OF ACTION AND ISSUE FOR JUDICIAL REVIEW**

83.    Plaintiffs re-allege and incorporate paragraphs 1 thru 82 of this Verified Complaint.

Verified Complaint
Case No. 17-1181

84.     In her December 6, 2016 resolution, ALJ Ramírez-Montalvo ignored the binding

precedents set forth by the U.S. Supreme Court in <u>Florence County School Dist. Four v. Carter</u>,

510 U.S. 7 (1993), regarding the adequacy standard for the private educational institution chosen

by the ELG's parents.

85.     ALJ Ramírez-Montalvo also ignored the binding precedent set forth by the U.S.

Supreme Court in <u>Forest Grove v. T.A.</u>, 557 U.S. 230 (2009) regarding the threshold requirement

for the state educational agency to have made available an IDEA compliant IEP in a timely basis

for each school year within the relevant period in order to deem the student's private school

placement as "unilateral."

86.     Furthermore, ALJ Ramírez-Montalvo ignored the binding precedent set forth by

the U.S. Circuit Court of Appeals for the First Circuit on <u>D.B. v. Esposito</u>, 675 F.3d 26, 34 (1st Cir.

2012) regarding that "to comply with the IDEA, an IEP must be reasonably calculated to confer

meaningful educational benefit.".

87.     Insofar as ALJ Ramírez-Montalvo erred by ignoring the binding legal precedents

set in the aforementioned Supreme Court and First Circuit decisions, the December 6, 2016

resolution should be reversed in its entirety, and the case should be adjudicated by this district

court based on the records of administrative case number 2016-073-004 and any additional

evidence deemed relevant and/or sought by the parties, granting the relief sought in the amended

due process complaint and any additional relief that the court deems appropriate based on the

preponderance of evidence provided by IDEA's section 1415(i)(2)(C).

88.     Upon reversing the ALJ's resolution, it is respectfully requested that pursuant to

Verified Complaint
Case No. 17-1181

IDEA's section 1415(i)(2)(C)(iii) the court order defendants to reimburse plaintiffs with the total

tuition and text book costs incurred on ELG's favor in the "Academia Edén Montessori" private

school from March of 2014 until the date that this litigation is concluded, and for the

reimbursement of the costs incurred by plaintiffs in paying for ELG's teaching assistant (a/k/a "T-

1 assistant") from September 2, 2015 until the conclusion of the 2015-2016 school year in mid-

May of 2016, and ordering defendants to perform a multidisciplinary evaluation process were ELG

is evaluated in assistive technology and any other area of suspected disability.

## FOURTH CAUSE OF ACTION AND ISSUE FOR JUDICIAL REVIEW

89.     Plaintiffs re-allege and incorporate paragraphs 1 thru 88 of this Verified Complaint.

90.     The DOE failed to administer ELG with an assistive technology evaluation.

91.     The ALJ dismissed the due process complaint without issuing a formal ruling on

substantive grounds on plaintiffs' claim for a multidisciplinary evaluative process in all areas of

suspected disability pursuant to IDEA's section 1414(b), 20 U.S.C. § 1414(b), including but not

limited to performing an assistive technology evaluation to minor student EGL.

92.     Plaintiffs respectfully request that this Honorable Court reverse the ALJ's

resolution as contrary to the IDEA and order defendants to provide ELG an assistive technology

evaluation, and any other multidisciplinary evaluation in any other area of suspected disability,

and provide him in a timely manner any services and/or assistive technology equipment

recommended therein. See 20 U.S.C. § 1415(f)(3)(E)(ii). See also 34 C.F.R. § 300.513(a)(2).

## FIFTH CAUSE OF ACTION AND ISSUE FOR JUDICIAL REVIEW

93.     Plaintiffs re-allege and incorporate paragraphs 1 thru 92 of this Verified Complaint.

Verified Complaint
Case No. 17-1181

94.     In her December 6, 2016 resolution, ALJ Ramírez-Montalvo disregarded all applicable legal standards and thus violated ELG's procedural safeguard under IDEA's section 1415(f)(3) requiring the public educational agency to appoint an ALJ with "the knowledge and ability to render and write decisions in accordance with appropriate, standard legal practice." See 20 U.S.C. § 1415(f)(3)(A)(iv).

95.     The ALJ's resolution was evidently not based on substantive grounds determining whether ELG received a free appropriate public education and if the DOE's failure to provide the student with an IDEA compliant IEP prior to the commencement of each of the four school years within the relevant period (2013-2014, 2014-2015, 2015-2016, and 2016-2017), among multiple other severe procedural deficiencies, resulted in a deprivation of his right to a FAPE for each of the four school years within the relevant period, or caused a deprivation of educational benefits. See 20 U.S.C. § 1415(f)(3)(D)-(E).

96.     The rationale and interpretation used by the ALJ as basis for her resolution is contrary to the IDEA and its interpretative case law, and demonstrates a complete disregard of the basic local and federal legal principles of Civil Procedure, Evidence, Constitutional, Administrative and Special Education Law in this jurisdiction.

97.     The resolution issued by ALJ Ramírez-Montalvo on December 6, 2016 contains multiple manifest errors of law in both the applicable procedural and substantive rules of law, the *stare decisis* doctrine, the Supremacy Clause, the Rowley test established for adjudicating IDEA cases, and her interpretation of IDEA's plain text and its interpretative case law.

98.     In her December 6, 2016 resolution, ALJ Ramírez-Montalvo failed to issue clear

Verified Complaint
Case No. 17-1181

and specific <u>factual</u> determinations that meet the "substantive grounds" minimum content requirements for a hearing officer's decision under IDEA's section 1415(f)(3)(E)(i), 20 U.S.C. § 1415(f)(3)(E)(i).

99.     In her December 6, 2016 resolution, ALJ Ramírez-Montalvo failed to issue well-grounded <u>legal</u> conclusions that meet the "substantive grounds" minimum content requirements for a hearing officer's decision under IDEA's section 1415(f)(3)(E)(i), 20 U.S.C. § 1415(f)(3)(E)(i).

100.     In her December 6, 2016 resolution, ALJ Ramírez-Montalvo utterly ignored the DOE's multiple severe violations of the IDEA and the resulting deprivation of ELG's right to a FAPE as required by IDEA's section 1415(f)(3)(E)(ii), 20 U.S.C. § 1415(f)(3)(E)(ii).

101.     In her December 6, 2016 resolution, ALJ Ramírez-Montalvo failed to determine whether the "unilateral IEP" created by the DOE and provided to minor ELG meets the minimum procedural and substantive requirements set forth in IDEA's section 1414(d), 20 U.S.C. § 1414(d).

102.     In her December 6, 2016 resolution, ALJ Ramírez-Montalvo knowingly abstained from exercising her duty to abide by the local statutory mandate provided by Act 238 of August 31, 2004 which expressly required her as hearing officer to interpret all legal controversies in the most beneficial form in favor of ELG as a special needs individual. <u>See</u> 1 Laws of P.R. Ann. § 512k.

103.     Consequently, the ALJ's resolution should be reversed as contrary to the IDEA and its jurisprudence, and the case should be adjudicated by this district court based on the records of administrative case number 2016-073-004 and any additional evidence deemed relevant and/or

Verified Complaint
Case No. 17-1181

sought by the parties, and granting any relief that the court deems appropriate based on the preponderance of evidence, provided by IDEA's section 1415(i)(2)(C).

104.    Upon reversing the ALJ's resolution, it is respectfully requested that pursuant to IDEA's section 1415(i)(2)(C)(iii) this court grants plaintiffs relief in the form of ordering defendants to reimburse plaintiffs with the total tuition and text book costs incurred on ELG's favor in the "Academia Edén Montessori" private school from March of 2014 until the date that this litigation is concluded, and for the reimbursement of the costs incurred by plaintiffs in paying for ELG's teaching assistant (a/k/a "T-1 assistant") from September 2, 2015 until the conclusion of the 2015-2016 school year in mid-May of 2016, and ordering defendants to perform a multidisciplinary evaluation process were ELG is evaluated in assistive technology and any other area of suspected disability.

## SIXTH CAUSE OF ACTION AND ISSUE FOR JUDICIAL REVIEW

105.    Plaintiffs re-allege and incorporate paragraphs 1 thru 104 of this Verified Complaint.

106.    In the event that during the duration of the present case litigation ELG is deprived of a FAPE for any additional school time, plaintiffs respectfully request that defendants be ordered to provide compensatory educational and related services as additional remedy to ELG pursuant to IDEA's section 1415(i)(2)(C)(iii) and as recognized by the U.S. First Circuit Court of Appeals in Pihl v. Mass. Dep't. of Educ., 9 F.3d 184 (1st Cir. 1993).

## SEVENTH CAUSE OF ACTION AND ISSUE FOR JUDICIAL REVIEW

107.    Plaintiffs re-allege and incorporate paragraphs 1 thru 106 of this Verified

20

Verified Complaint
Case No. 17-1181

Complaint.

108.   IDEA's section 1415(f)(3)(A)(ii) provides as a procedural safeguard aimed at protecting EGL as a special needs child the right to an impartial due process hearing, conducted by an impartial hearing officer that "possess[es] knowledge of, and the ability to understand, the provisions of this chapter, Federal and State regulations pertaining to this chapter, and legal interpretations of this chapter by Federal and State courts." See 20 U.S.C. § 1415(f)(3)(A)(ii).

109.   IDEA's sections 1415(f)(3)(A)(iii) and (iv) provide as a procedural safeguard aimed at protecting EGL as a special needs child the right the right to an impartial due process hearing, conducted by an impartial hearing officer that "possess[es] the knowledge and ability to conduct hearings in accordance with appropriate, standard legal practice; and possess[es] the knowledge and ability to render and write decisions in accordance with appropriate, standard legal practice." See 20 U.S.C. §§ 1415(f)(3)(A)(iii), (iv).

110.   However, during the underlying administrative due process proceedings ALJ Ramírez-Montalvo demonstrated a total lack of knowledge of even the most elemental principles of Special Education Law, as required by IDEA's sections 1415(f)(3)(A)(ii)-(iv).

111.   IDEA's section 1415(f)(3)(A) provides as a procedural safeguard the right to an impartial due process hearing, conducted by an impartial hearing officer that may not have any personal or economic interest that interferes with his/her objectivity during the hearing and per the IDEA's 300.511(c) regulation for the agency to keep a list of the hearing officers and their qualifications. See 20 U.S.C. § 1415(f)(3)(A); 34 C.F.R. § 300.511(c).

112.   ALJ Ramírez-Montalvo also failed to act and rule with complete impartiality, as

21

Verified Complaint
Case No. 17-1181

required by IDEA's section 1415(f)(3)(A)(i)(II).

113.    For want of a hearing officer with the complete impartiality, knowledge and ability

minimum requirements set forth in IDEA's section 1415(f)(3)(A), the December 6, 2016

resolution should be reversed as contrary to the IDEA and its jurisprudence, and the case should

be adjudicated by this district court based on the records of administrative case number 2016-073-

004 and any additional evidence deemed relevant and/or sought by the parties, and granting any

relief that the court deems appropriate based on the preponderance of evidence, provided by

IDEA's section 1415(i)(2)(C).

114.    Upon reversing the ALJ's resolution, it is respectfully requested that pursuant to

IDEA's section 1415(i)(2)(C)(iii) this court grants plaintiffs relief in the form of ordering

defendants to reimburse plaintiffs with the total tuition and text book costs incurred on ELG's

favor in the "Academia Edén Montessori" private school from March of 2014 until the date that

this litigation is concluded, and for the reimbursement of the costs incurred by plaintiffs in paying

for ELG's teaching assistant (a/k/a "T-1 assistant") from September 2, 2015 until the conclusion

of the 2015-2016 school year in mid-May of 2016, and ordering defendants to perform a

multidisciplinary evaluation process were ELG is evaluated in assistive technology and any other

area of suspected disability.

## EIGHTH CAUSE OF ACTION AND ISSUE FOR JUDICIAL REVIEW AND REQUEST FOR DECLARATORY JUDGMENT

115.    Plaintiffs re-allege and incorporate paragraphs 1 thru 114 of this Verified

Complaint.

116.    The DOE has up to date failed to adopt any written regulation or manual for

22

Verified Complaint
Case No. 17-1181

assuring the transparency of the ALJ's selection and/or recruitment process and for avoiding

putting at risk the impartiality of its current hearing officers.

117.    The DOE has sole discretion to appoint or suspend the administrative officials

without any specific written criteria.

118.    The DOE has also failed to make public the recruitment process and qualifications

of those who currently serve as hearing officers.

119.    The DOE has up to date failed to publish and/or make easily available to ELG a list

of its current hearing officers and their qualifications as per mandated by IDEA's regulation in

section 300.511(c). See 34 C.F.R. § 300.511(c).

120.    The DOE has up to date failed to comply with local law number 440 of September

23, 2004, 3 Laws of P.R. Ann. § 2153 (Annotations), and regulation 7271 of January 2, 2007 of

the Human Resources Office of the Commonwealth of Puerto Rico, which require that the agency

assure that its ALJ's comply with the statutory requirement of a yearly minimum of six (6) hours

of continued legal education in administrative law.

121.    The result of the DOE's failure to adopt procedures that comply with the IDEA and

the aforementioned local laws resulted in a denial of ELG's right to an impartial due process

hearing and in a denial of a FAPE. See Caperton v. A.T. Massey Coal Co. Inc., 556 U.S. 868

(2009) ("Under our precedents there are objective standards that require recusal when "the

probability of actual bias on the part of the judge or decision maker is too high to be constitutionally

tolerable."); Withrow v. Larkin, 421 U.S. 35, 46 (1975) ("[A] fair trial in a fair tribunal is a basic

requirement of due process… This applies to administrative agencies which adjudicate as well as

23

Verified Complaint
Case No. 17-1181

to courts."); <u>Ward v. Monroeville</u>, 409 U.S. 57, 62 (1972) ("Nor, in any event, may the State's trial

court procedure be deemed constitutionally acceptable simply because the State's eventually offers

a defendant an impartial adjudication.  Petitioner is entitled to a neutral and detached judge in the

first instance").

122.    The result of the DOE's failure to adopt procedures that comply with the IDEA and

the aforementioned local laws has also served to allow the DOE to protract the litigation of

administrative case number 2016-073-004 from February 23, 2016 until the resolution's

notification date on December 7, 2016 for a total of 289 days due to the three different occasions

in which the DOE unilaterally sought to postpone the hearings with less than 5 days in anticipation

to every hearing.

123.    By allowing 289 days to elapse without providing ELG with a formal decision

based on substantive grounds, the DOE breached the procedural safeguards afforded to plaintiffs

with regards to the specific time limits set forth in IDEA's section 1415(i) for the resolution of a

due process complaint. <u>See</u> 20 U.S.C. § 1415(i). <u>See</u> <u>also</u> 34 C.F.R. § 300.515(a) (The public

agency must ensure that not later than 45 days after the expiration of the 30 day period under

section 300.510(b), or the adjusted time periods described in section 300.510(c): A final decision

is reached in the hearing; and a copy of the decision is mailed to each of the parties); 34 C.F.R. §

300.510(b)(2) (the timeline for issuing a final decision under section 300.515 begins at the

expiration of the 30-day resolution period); 34 C.F.R. § 300.510(c) (45-day timeline for the due

process hearing)

124.    Such lack of clearly set written controls have also allowed the agency to exert undue

24

Verified Complaint
Case No. 17-1181

economic pressure or otherwise compromise ALJ Ramírez-Montalvo's objectiveness and impartiality by allowing the DOE to be completely free to cancel her contract at the agency's sole discretion and without having to publicize or otherwise publicly justify the motivation for the hearing officer's termination.

125.    As a matter of fact, within the past 2 years the DOE has unexpectedly chosen to terminate the contracts of at least five (5) different hearing officers.

126.    The turnover of hearing officers has been so substantial that of the seven (7) hearing officers that the DOE regularly keeps under contract for adjudicating IDEA due process disputes, only two (2) of them have been uninterruptedly maintained under contract for the past five years.

127.    The latent and evident risk of having their contracts unilaterally terminated by the DOE evidently causes great uncertainty and pressure in the remaining hearing officers and consequently seriously undermines their honest efforts to maintain complete impartiality as required in IDEA's section 1415(f)(3)(A). See 20 U.S.C. § 1415(f)(3)(A).

128.    Pursuant to the legal precedent set by the U.S. Court of Appeals for the Second Circuit in Heldman v. Sobol, 962 F.2d 148 (2nd Cir. 1992), plaintiffs respectfully request that this Honorable Court exert its power and authority to redress ELG's right to a FAPE under the IDEA and order the DOE to implement strict written guidelines governing the hearing officers selection, recruitment and supervision procedures, as well as the causes for their termination, therefore strictly regulating and standardizing the whole process in order to assure that the ELG is not continued to be denied a FAPE by hearing officers that fail to meet the minimum knowledge and impartiality requirements set forth in IDEA's sections 1415(f)(3)(A).

Verified Complaint
Case No. 17-1181

129.    Plaintiffs respectfully request that this Honorable Court issue a declaratory judgment holding that the total absence of written procedures governing the hearing officer's selection, recruitment and supervision processes allowed the DOE to exert undue pressure on ALJ Ramírez-Montalvo and therefore compromised her ability to meet the impartiality and other minimum procedural safeguards set forth in IDEA's section 1415(f)(3)(A). See 20 U.S.C. § 1415(f)(3)(A).

130.    Plaintiffs respectfully request that this Honorable Court issue a declaratory judgment finding that the DOE has breached the IDEA by failing to publish a list of its current hearing officers and their qualifications as per mandated by IDEA's regulation in section 300.511(c). See 34 C.F.R. § 300.511(c).

131.    Plaintiffs respectfully request that this Honorable Court order the DOE to publish a list of its current hearing officers and their qualifications as per mandated by IDEA's regulation in section 300.511(c). See 34 C.F.R. § 300.511(c).

132.    Plaintiffs respectfully request that this Honorable Court exert its supplemental jurisdiction and issue a declaratory judgment finding that the DOE has failed to comply with local law number 440 of September 23, 2004, 3 Laws of P.R. Ann. § 2153 (Annotations), and regulation 7271 of January 2, 2007 of the Human Resources Office of the Commonwealth of Puerto Rico, which require that the agency assure that each of its hearing officers meet the statutory requirement of a yearly minimum of six (6) hours of continued legal education in administrative law.

133.    Plaintiffs respectfully request that this Honorable Court exert its supplemental jurisdiction and order the DOE to assure that each of its hearing officers meet the statutory

Verified Complaint
Case No. 17-1181

requirement of a yearly minimum of six (6) hours of continued legal education in administrative

law, as mandated by local law number 440 of September 23, 2004, 3 Laws of P.R. Ann. § 2153

(Annotations), and regulation 7271 of January 2, 2007 of the Human Resources Office of the

Commonwealth of Puerto Rico.

134.    Until such time as the plaintiffs are able to have this Honorable Court issue a

declaratory judgment holding that the total absence of written procedures governing the hearing

officer's selection, recruitment and supervision processes jeopardizes the due process hearing

proceedings created by the DOE pursuant to the IDEA procedural safeguards set forth in section

1415, ELG will suffer uncertainty with respect to his procedural and substantive rights to a free

appropriate public education under the IDEA, local laws 51 of 1996 and 263 of 2006, and under

the Constitution of the Commonwealth of Puerto Rico.

135.    The fact that ELG is currently registered and receiving services, albeit deficiently,

from the DOE's Special Education Program demonstrates that a real and justiciable issue exists

with respect to whether the deficiencies, irregularities and total lack of controls in the DOE's due

process hearing forum created pursuant to IDEA's section 1415.

136.    A *bona fide*, actual and present dispute exists calling for this Court's declaratory

judgment in order to clarify whether the current state of affairs in the DOE's due process hearing

forum deprived ELG of his right to an impartial due process hearing and of the other procedural

safeguards provided by the IDEA, but will also serve to avoid the repetition of these severe

violations of ELG's right to a FAPE.

**NINTH CAUSE OF ACTION AND ISSUE FOR JUDICIAL REVIEW**

Verified Complaint
Case No. 17-1181

137.    Plaintiffs re-allege and incorporate paragraphs 1 thru 136 of this Verified

Complaint.

138.    IDEA's section 1415(i)(3)(B)(i)(I) allows for a federal district court to award

attorney's fees to the parents or guardian of a child with a disability who is the prevailing party in

an administrative or judicial proceeding. See 20 U.S.C. § 1415(i)(3)(B)(i)(I). See also 34 C.F.R. §

300.517(a)(1)(i).

139.    In the event that plaintiffs achieve prevail in this judicial review action, the

appearing parties request pursuant to IDEA's section 1415(i)(3)(B) that defendants be held liable

for payment of all of the attorney's fees and costs spent in the litigation of this action and of

administrative due process complaint number 2016-073-004.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiffs respectfully request that this Honorable Court review and

reverse the resolution issued by hearing officer Mrs. María Ramírez-Montalvo, Esq. on December

6, 2016 in administrative case number 2016-073-004, and provide the following relief:

1.    Issue a declaratory judgment holding that the DOE's due process hearing officers

must perform the Rowley two prong analysis in each case where a special needs student right to a

FAPE is challenged, and order the DOE to take all measures necessary to avoid repeating this

error;

2.    Issue a declaratory judgment declaring that the DOE's total lack of written

guidelines and/or controls governing the hearing officers selection, recruitment and supervision

procedures, as well as the causes for their termination, jeopardized hearing officer María Ramírez-

28

Verified Complaint
Case No. 17-1181

Montalvo impartiality and therefore breached ELG's right to an impartial due process hearing under IDEA's section 1415 resulting in a denial of a FAPE, and ordering the DOE to take all measures necessary to resolve this situation;

3.    Issue a declaratory judgment finding that the DOE breached the IDEA by failing to publish a list of its current hearing officers and their qualifications as per mandated by IDEA's regulation in section 300.511(c), and ordering the DOE to take all measures necessary to resolve this situation. See 34 C.F.R. § 300.511(c).

4.    Issue a declaratory judgment finding that the DOE has failed to comply with local law number 440 of September 23, 2004, 3 Laws of P.R. Ann. § 2153 (Annotations), and regulation 7271 of January 2, 2007 of the Human Resources Office of the Commonwealth of Puerto Rico, which require that the agency assure that each of its hearing officers meet the statutory requirement of a yearly minimum of six (6) hours of continued legal education in administrative law, and ordering the DOE to take all measures necessary to resolve this situation.

5.    Order the DOE to strictly regulate and standardize the whole process of selection, recruitment and supervision of hearing officers to assure that ELG is not continued to be denied a FAPE by hearing officers that fail to meet the minimum knowledge and impartiality requirements set forth in IDEA's sections 1415(f)(3)(A);

6.    Reverse the ALJ's resolution as contrary to the IDEA, state law and its relevant regulations and jurisprudence, and adjudicate the case based on the records of administrative case number 2016-073-004 and any additional evidence deemed relevant and/or sought by the parties, and granting any relief that the court deems appropriate based on the preponderance of evidence,

29

Verified Complaint
Case No. 17-1181

as per IDEA's section 1415(i)(2)(C);

7.      Upon reversing the ALJ's resolution, it is respectfully requested that pursuant to IDEA's section 1415(i)(2)(C)(iii) this court grants plaintiffs relief in the form of ordering defendants to reimburse plaintiffs with the total tuition and text book costs incurred on ELG's favor in the "Academia Edén Montessori" private school from March of 2014 until the date that this litigation is concluded, and for the reimbursement of the costs incurred by plaintiffs in paying for ELG's teaching assistant (a/k/a "T-1 assistant") from September 2, 2015 until the conclusion of the 2015-2016 school year in mid-May of 2016, and ordering defendants to perform a multidisciplinary evaluation process were ELG is evaluated in assistive technology and any other area of suspected disability;

8.      Order defendants to pay all attorney's fees and costs incurred in the present litigation and in the preceding administrative due process proceeding;

9.      Issue any other and further relief as it may deem just and proper.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 7th day of February, 2017.

s/ Francisco J. Vizcarrondo Torres
Francisco J. Vizcarrondo-Torres
U.S.D.C. No. 221714
PO Box 195642
San Juan, P.R. 00919-5642
Tels: 787-296-9521/9523
Fax:  787-777-1399
E-Mails: fvizcarrondo@fjvtlaw.com
                fvizcarrondo@gmail.com